# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| William Ballou and Joan Williamson,<br><br>   Plaintiffs,<br><br>v.<br><br>Asset Marketing Services, LLC,<br>d/b/a GOVMINT.COM<br><br>   Defendant. | Case No. 21-cv-00694 (SRN/ECW)<br><br><br>**ORDER** |
| William Culver, on behalf of himself and all other similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>Asset Marketing Services, LLC,<br>d/b/a GOVMINT.COM<br><br>   Defendant. | Case No. 21-cv-01237 (SRN/ECW) |

Austin P. Smith and Bruce Steckler, Steckler Wayne Cochran PLLC, 12720 Hillcrest Road, Suite 1045, Dallas, TX 75230; and Bryan L. Bleichner, Christopher P. Renz, and Jeffrey D. Bores, Chestnut Cambronne PA, 100 Washington Avenue South, Suite 1700, Minneapolis, MN 55401, for Plaintiffs.

Mack H. Reed, Cassandra B. Merrick, and Stephen M. Premo, Madel PA, 800 Hennepin Avenue, Suite 800, Minneapolis, MN 55403, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

  This matter is before the Court on Defendant's Motions to Stay Proceedings Pending Appeal filed in two related cases, 21-cv-00694 ("*Ballou* matter") [Doc. No. 70]

and 21-cv-01237 ("*Culver* matter") [Doc. No. 57].   Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **GRANTS** the motions.

## I.      BACKGROUND

The Court previously outlined the procedural history and factual background of this case in its December 8, 2021 Order Denying Defendant's Motion to Compel Arbitration and Stay Proceedings (the "Order").   (*Ballou* matter [Doc. No. 62]; *Culver* matter [Doc. No. 49].)   The Court therefore recites only the relevant procedural developments.

Following entry of the Order, Defendant Asset Marketing Services, LLC ("AMS") filed an interlocutory appeal with the Eighth Circuit, challenging this Court's denial of its motion to compel arbitration.   (*See Ballou* matter [Doc. No. 66]; *Culver* matter [Doc. No. 53]; *see also* App. Case Nos. 21-3913, 21-3917.)   AMS then filed this motion to stay proceedings pending its appeal.

In seeking a stay of the Order, AMS contends that an appeal of a motion to compel arbitration divests the district court of jurisdiction over the claims in the case.   (*Ballou* matter [Doc. No. 74]; *Culver* Matter [Doc. No. 59] (together, "Def.'s Mem.") at 2–4.) Because the Court lacks jurisdiction, AMS contends that the proceedings must be stayed. (*Id.* at 4.)   Alternatively, AMS argues that the factors favoring a discretionary stay are present.   (*Id.* at 5–7.)

## II.     DISCUSSION

Section 16 of the Federal Arbitration Act affords a party the right to file an interlocutory appeal from the denial of a motion to compel arbitration.   9 U.S.C.

§ 16(a)(1)(C).  When a party files a notice of appeal, the general rule is that it "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  But the Supreme Court has not explicitly extended this principle to interlocutory appeals under the Federal Arbitration Act.  Moreover, the Eighth Circuit has not addressed whether such an appeal divests the district court of jurisdiction over the underlying claims.

A circuit split exists among those courts that have considered the issue.  The Third, Fourth, Seventh, Tenth, and Eleventh Circuits have held that an appeal under Section 16 of the Federal Arbitration Act divests the district court of jurisdiction to proceed with the case and requires issuance of a stay.  *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007) (issuing stay during pendency of arbitrability appeal); *Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 264–65 (4th Cir. 2011) (holding divestiture of district court jurisdiction unless appeal is frivolous); *Bradford–Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505–06 (7th Cir. 1997) (same); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1162–63 (10th Cir. 2005) (same); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004) (same).  The minority position, which has been adopted by the Second, Fifth, and Ninth Circuits, holds that an appeal only divests the district court of jurisdiction on the issue of arbitrability, which is distinct from the merits.  *Weingarten Realty Inv'rs v. Miller*, 661 F.3d 904, 907–09 (5th Cir. 2011) (holding that "the merits are not an aspect of arbitrability" and thus denying the motion to stay proceedings); *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 54 (2d Cir. 2004)

3

(holding that the district court retains jurisdiction over matters not involved in the appeal); *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990) (same).

Both sides present legal arguments to justify their respective positions. For example, minority courts emphasize that the district court is only divested of jurisdiction relating to matters *involved in* the appeal. *Miller*, 661 F.3d at 908 (citing *Griggs*, 459 U.S. at 58). Because the issue of arbitrability is a substantive matter separate from the merits of the case, they conclude that the underlying proceedings are not "involved in" the appeal and can thus proceed. *Uzan*, 388 F.3d at 54 ("[D]istrict court proceedings in a case are not 'involved in' the appeal of an order refusing arbitration.").

However, the courts in the majority conclude that the arbitrability issue and the merits are not so easily separated. Instead, the majority position holds that an appeal concerning the arbitrability of the claims in the case raises the sole issue of "whether the case should be litigated at all in the district court." *Blinco*, 366 F.3d at 1251. Therefore, majority courts conclude that district court proceedings must be stayed pending appeal.

Courts adopting the majority position also rely on federal policy favoring arbitration. *See McCauley*, 413 F.3d at 1161 (explaining that the majority courts are "more solicitous regarding [the] duty to protect the benefits of arbitration from erosion."). They highlight that Congress provided immediate appellate review of an arbitration denial, which implies a federal concern that "the principal benefits of arbitration, avoiding the high costs and time involved in judicial dispute resolution, is lost if the case proceeds in both judicial and arbitral forums." *Blinco*, 366 F.3d at 1251. They further emphasize that

staying a case pending appeal upholds the parties' agreement "for non-judicial dispute resolution," should the court of appeals reverse. *Bradford-Scott*, 128 F.3d at 506.

Like the circuit courts, courts in this District are also split. *Compare Unison Co., Ltd. v. Juhl Energy Dev., Inc.*, Civ. No. 13-3342 (ADM/JJK), 2014 WL 2565652, at *2 (D. Minn. June 6, 2014) (finding the majority viewpoint persuasive), *Messina v. N. Cent. Distrib., Inc.*, Civ. No. 14-3101 (PAM/SER), 2015 WL 4479006, at *2 (D. Minn. July 22, 2015) (same), *and Engen v. Grocery Delivery E-Servs. USA Inc.*, Civ. No. 19-2433 (ECT/TNL), 2020 WL 3072316, at *2 (D. Minn. June 10, 2020) (same), *with McLeod v. General Mills, Inc.*, Civ. No. 15-494 (JRT/HB), 2015 WL 7428548, at *2 (D. Minn. Nov. 20, 2015) (finding the minority viewpoint persuasive); *Pederson v. Trump*, Civ. No. 19-2735 (JRT/HB), 2020 WL 4288316, at *4 (D. Minn. July 26, 2020) (same). In *Engen*, the Court noted that it was forced "to choose between competing positions" without "controlling authority." 2020 WL 3072316, at *1. In adopting the majority position, the Court noted that the appeal was not frivolous, and explained that the benefits of arbitration clauses are eroded when forced to litigate in multiple forums. *Id.* at *2.

This Court finds the majority viewpoint persuasive in this case as well. Like in *Engen*, this appeal is not frivolous, and, therefore, AMS should be able to exercise its statutory right to appellate review on the arbitrability issue without losing the benefit of the arbitration provision, should the court of appeals reverse. As majority courts have explained, the arbitrability issue is the same question as "[w]hether the case should be litigated in the district court." *Bradford-Scott*, 128 F.3d at 505. And denying the stay would undermine that issue by forcing a party, here AMS, to proceed in a forum in which

it does not believe the parties agreed to litigate. *Id.* ("Continuation of proceedings in the district court largely defeats the point of the appeal."). Accordingly, the Court grants the stay.

## III.   CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motions to Stay Proceedings Pending Appeal (21-cv-00694 [Doc. No. 70]; 21-cv-01237 [Doc. No. 57]) are **GRANTED**.

Dated: March 17, 2022                             s/ Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Judge